IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN J. WOODS, JR., | ) | CASE NO. 5:11 CV 568 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, *et al.*, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendants | ) | |

## Introduction

Before me by referral[1] is a *pro se* action by Brian J. Woods, Jr., age 19,[2] seeking declaratory and injunctive relief from the enforcement of 18 U.S.C. § 922(b)(1) – the federal statute prohibiting persons under 21 years of age from purchasing handguns from licensed dealers.[3] The federal government defendants here move to dismiss the case for lack of subject matter jurisdiction because of an alleged absence of standing or, alternatively, for summary judgment.[4] Woods has responded in opposition to that motion,[5] and the Government has

---

[1] ECF # 4.

[2] *See*, ECF # 1 at ¶ 6. Woods was born March 16, 1993.

[3] ECF # 1.

[4] ECF # 13.

[5] ECF # 15.

replied to that opposition.[6] For the reasons that follow, I will recommend the granting of the motion to dismiss.

## Facts

**A.     The claims**

As noted, Woods brought this case with the stated goal of having the legislation cited above declared unconstitutional under the Second, Fifth, and Fourteenth Amendments.[7] As Woods relates in the complaint, and the parties do not contest, the statute at issue states, among other things, that:

> [I]t shall be unlawful for any licensed importer, [] manufacturer, [] dealer, or [] collector to sell or deliver ... any firearm or ammunition to any individual ... less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual ... less than twenty-one years of age.[8]

In the complaint, Woods further cites to other portions of the statute, and to federal regulations, that: (a) require the seller to obtain a signed form from a buyer attesting to information relevant to determining the legality of the transfer;[9] (b) mandate that persons

---

[6] ECF # 18.

[7] ECF # 1 at ¶¶ 5, 24-29, 30-33.

[8] 18 U.S.C. § 922(b)(1).

[9] ECF # 1 at ¶ 19 (citing 27 C.F.R. §§ 478.124(a); 478. 96(b)).

dealing in firearms obtain a federal license;[10] and (c) make it illegal to sell to persons residing outside the state of the transferor.[11]

Woods contends that the provisions cited above impose a "significant burden" on "millions of law-abiding eighteen, nineteen and twenty year-old adult citizens."[12] For himself, Woods, an Ohio resident, maintains that despite his desire to do so, he is among that group of persons precluded by age from purchasing a handgun and ammunition from a federally licensed dealer "for self defense and other lawful purposes."[13] He further notes, however, that in addition to the federal statute and regulations cited earlier, the State of Ohio, by statute, also prohibits persons under 21 from "purchasing or attempting to purchase" a handgun.[14] Woods filed the claim that this Ohio statute also violates the federal Constitution as a separate case,[15] which this Court recently dismissed without prejudice for want of subject matter jurisdiction.[16]

Here, Woods contends that the statute and regulations violate the Second Amendment by denying him a right to obtain a handgun and violate the equal protection provisions of the

---

[10] *Id*. at ¶ 20 (citing 18 U.S.C. §§ 922(a)(1)(A); 921(a)(11)(A),(C); 921(a)(21)(C)).

[11] *Id*. at ¶ 21 (citing 18 U.S.C. § 922(a)(5)).

[12] *Id*. at ¶ 22.

[13] *Id*. at ¶ 26.

[14] *Id*. at ¶ 24 (citing and quoting Ohio Rev. Code §§ 2923.21, 2923.211).

[15] *Woods v. State of Ohio*, Case No. 5:11-cv-565 (N.D. Ohio).

[16] *Id*. at ECF # 17 (Oct. 7, 2011).

Fifth and Fourteenth Amendments by denying persons under 21 the ability to obtain a handgun while permitting it to those over 21.[17] As noted above, he seeks a declaration that the statute and regulations violate the Constitution for the reasons stated and an injunction against the federal defendants enforcing the statute and regulations.[18] Moreover, under various named federal statutes, he seeks an award of costs and attorneys fees.[19]

### B.  The present motion

The Government moves to dismiss the case or, alternatively, for summary judgment.[20] In a lengthy brief, which begins with an extensive legislative history of the statute at issue,[21] the Government contends first that the matter should be dismissed on one of two alternative grounds: (1) that Woods has not alleged a concrete or particularized injury, since he has merely asserted a "desire" to purchase a handgun but does not maintain that he has actively tried to do so;[22] or (2) because the existence of the Ohio statute described earlier deprives Woods of the ability to show that any claimed injury to him is traceable to the operation of the federal law and so could be redressed by its invalidation.[23] The Government then

---

[17] ECF # 1 at ¶¶ 26-33.

[18] *Id*. at 10-11.

[19] *Id.* at 11 (citing 28 U.S.C. § 2412; 42 U.S.C. 1988).

[20] ECF # 13.

[21] *Id*. at 2-12.

[22] *Id.* at 12-17.

[23] *Id*. at 17-20.

maintains, alternatively, that the complaint should be dismissed for failure to state a claim or denied by summary judgment.[24]

As noted, Woods filed a brief in opposition that mostly addresses the merits of his claim in light of a dismissal for failure to state a claim or under the rules for summary judgment. As to the Government's contention that Woods lacks standing because an Ohio statute prohibits handgun ownership by a person under 21, rendering any injury here not traceable to the federal law, Woods makes only a very brief argument[25] within his larger position on the substance of his case.[26] Specifically, Woods asserts, as a point of political philosophy not supported by case law, that if the Government could escape review of laws that violate fundamental constitutional rights simply because a state law also violates the same right, then the state and federal governments could conspire together to deny any right and so avoid judicial review.[27]

In its reply brief the Government observes that Woods, by the position noted above, "does not dispute Defendant's (sic) traceability argument" – namely that Woods's alleged injury flows from Ohio's prohibition on handgun purchases by persons under age 21 – and thus that the harm is "'the result [of] independent action by some third party not before the

---

[24] *Id.* at 20-43.

[25] ECF # 15 at 29-30.

[26] The total brief runs 45 pages.

[27] *Id*. at 30.

Court.'"[28] Because, as the Government further notes, the Ohio statute remains good law given the dismissal of Woods's earlier case, despite the possible invalidation of the federal statute, the Ohio law would continue to bar Woods's purchasing a handgun.[29] In such a posture, since the alleged injury could not be redressed by a favorable decision in this case, the Government maintains that the case should be dismissed for lack of standing.[30]

## Analysis

### A.  Standard of review

"[W]hen focusing on the question of standing, the relevant considerations are the existence of an injury, its cause, and the existence of a remedy for the redress of the injury."[31] In that regard, courts require a plaintiff to demonstrate "a 'fairly traceable' causal connection between the claimed injury and the challenged conduct" of the defendant.[32] In addition, and as noted above, it must be "likely, as opposed to merely speculative, that the [alleged] injury will be redressed by a favorable decision."[33]

---

[28] ECF # 18 at 5 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

[29] *Id.*

[30] *Id.* (citing *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) (quoting *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (A necessary element of standing is that it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.").

[31] *Young v. Klutznick*, 652 F.2d 617, 623 (6th Cir. 1981).

[32] *Greater Cincinnati Coalition for the Homeless v. City of Cincinnati*, 56 F.3d 710, 717 (6th Cir. 1995) (citation omitted).

[33] *Fieger*, 471 F.3d at 717.

Thus, as the Supreme Court has stated, the "fairly traceable" and "redressibility" components of standing are two distinct "facets of a single causation requirement."[34] As the Court further explained:

> To the extent there is a difference [between the two components], it is that the former examines the causal connection between the assertedly unlawful conduct and the alleged injury, whereas the latter examines the causal connection between the alleged injury and the judicial relief requested.[35]

In analyzing the traceability component, courts must determine if "the line of causation between the illegal conduct and injury [is] too attenuated."[36] Where it is found that the plaintiff's complained of injury is the result of "the independent action of some third party not before the court," the injury is not properly traceable to the defendant, and the plaintiff is without standing to bring an action against the defendant for the relief sought.[37]

**B.    Application of standard – the case should be dismissed for Woods's lack of standing.**

Here, applying the standard articulated above to the facts previously discussed, I recommend finding that Woods's complaint is deficient as to both the traceability of his complained of injury to the federal statute and regulations and as to whether granting the relief sought would redress his claimed injury. Specifically, the undisputed existence of the Ohio statute cited earlier means that Woods cannot show that his injury is caused by

---

[34] *Allen v. Wright*, 468 U.S. 737, 753 n.19 (1984).

[35] *Id.*

[36] *Id.*

[37] *Lujan*, 504 U.S. at 560.

operation of the federal statutory/regulatory scheme and not the action of Ohio law – a third party not now before the Court. Nor can he assert that invalidating that federal system and leaving the Ohio law intact will redress his claimed injury.

This result also comports with the admonitions of Justice Louis Brandeis in his concurring opinion in *Ashwander v. Tennessee Valley Authority*[38] that "[t]he Court will not 'anticipate' a question of constitutional law in advance of the necessity of deciding it" or "... pass upon a constitutional question ... if there is also present some other ground upon which the case may be disposed of."[39] Because the state law with the substantially identical prohibition is not at issue here, and Woods has unsuccessfully challenged it in a separate suit, his claim calls for an anticipatory ruling on a constitutional question and that state law provides an alternative ground making the resolution of that constitutional question unnecessary.

## Conclusion

For these reasons, I recommend the granting of the Government's motion to dismiss.

Dated:  June 5, 2012    s/ William H. Baughman, Jr.
                        United States Magistrate Judge

---

[38] *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 341 (1936) (Brandeis, J. concurring).

[39] *Id.* at 346, 347.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[40]

---

[40] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).