PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN J. WOODS, JR., | ) | |
| | ) | CASE NO. 5:11CV00568 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 13, 21, 23] |

## I. Introduction

Before the Court is the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (ECF No. 19) recommending that the Court grant Defendants' Motion to Dismiss (ECF No. 13). Plaintiff has filed objections (ECF No. 21) and has additionally moved the Court to hold the instant case in abeyance (ECF No. 23). For the reasons discussed below, the Court adopts the Report and Recommendation, and therefore grants Defendants' motion to dismiss (ECF No. 13) and denies Plaintiff's motion to stay the case (ECF No. 14).

## II. Background

On March 18, 2011, Plaintiff filed a complaint in this Court, seeking declaratory and injunctive relief from the enforcement of 18 U.S.C. § 922(b)(1) – the federal statute prohibiting persons under 21 years of age from purchasing handguns from licensed dealers. ECF No. 1. On May 5, 2011, the undersigned referred this case to Magistrate Judge William H. Baughman, Jr., for general pretrial supervision. ECF No. 4. Soon thereafter, the Defendants moved to dismiss the case for lack of subject matter jurisdiction because of an alleged absence of standing or,

(5:11cv00568)

alternatively, for summary judgment.  ECF No. 13.

After reviewing the briefings, the Magistrate Judge issued his Report and Recommendation (ECF No. 19), wherein he recommended that the Court grant Defendant's motion to dismiss the case.  The Magistrate Judge found compelling Defendant's argument that Plaintiff failed to establish the redressability and "fairly traceable" components of standing.[1]  The Magistrate Judge explained that Ohio statute independently bars persons under 21 from purchasing or attempting to purchase a handgun.  Accordingly, the Magistrate Judge concluded, the existence of the Ohio law "means that Woods cannot show that his injury is caused by operation of the federal statutory/regulatory scheme and not the action of Ohio law–a third party not now before this Court."  ECF No. 19 at 7-8.[2]  Nor, the Magistrate Judge continued, could Plaintiff "assert that invalidating that federal system and leaving the Ohio law intact will redress his claimed injury."  ECF No. 19 at 8.[3]

---

[1] To establish standing to sue, "a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury." *Fednav, Ltd. v. Chester*, 547 F.3d 607, 614 (6th Cir. 2008) (citation omitted).

[2] The Magistrate cites to *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130 (9th Cir. 1996) (the existence of state law banning conduct similar to conduct addressed by a federal law undermined traceability).

[3] *See White v. United States*, 2009 WL 173509 at *5 (S.D. Ohio Jan. 26, 2009) (finding that Plaintiffs were unable to show that a favorable judgment regarding their challenge to the federal Animal Welfare Act would likely redress their asserted injuries because "[t]he federal prohibitions would simply fall away, leaving the state-by-state prohibitions on cockfighting" ); *see also Midwest Media Prop. L.L.C. v. Symmes Twp*., 503 F.3d 456, 461-63 (6th Cir. 2007) (finding hat plaintiffs failed to establish redressability when they challenged township's zoning regulations prohibiting off-premises signs, because plaintiffs' rejected applications for off

2

(5:11cv00568)

On June 19, 2012, Plaintiff filed his objection to the Report and Recommendation, wherein he attacked the premise behind the Magistrate Judge's ruling–that the Ohio law is valid and currently not at issue in this case. ECF No. 21. He asserted that the Magistrate Judge ignored the fact that the Ohio law is still being challenged in the Sixth Circuit Court of Appeals. ECF No. 21 at 4. The Court notes, however, that said fact is no longer accurate.

In a separate and related case, *Woods v. State of Ohio*, Case No. 5:11cv00565, originally before Federal Judge Sara Lioi of the Northern District of Ohio, Plaintiff sought to invalidate the Ohio state law prohibiting persons under 21 from purchasing handguns. Judge Liao dismissed the case for lack of standing (ECF No. 22-1), and Plaintiff appealed this decision to the Sixth Circuit Court of Appeals. Unfortunately for Plaintiff, after his objections were submitted to this Court in the instant case, the Sixth Circuit issued its ruling, affirming Judge Lioi's decision to dismiss his state law challenge. ECF No. 22-2.

As a means to revive the same argument presented in his objections–that the Ohio law is still being challenged–Plaintiff moved the court, on July 24, 2012, to hold the instant case in abeyance, while he appeals the Sixth Circuit's decision to the United States Supreme Court. ECF No. 23. Plaintiff expresses great confidence that the Sixth Circuit's ruling will be overruled. The government opposes the motion and argues that Plaintiff has not met his burden establishing that a stay is warranted. ECF No. 24. The Court agrees.

---

premises signs had been, or could have been, rejected for violations of township's height/size restrictions and plaintiffs had not challenged those restrictions).

3

(5:11cv00568)

### III. Analysis

**A. Motion to Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[H]owever, it is also clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. "In *Landis*, the Supreme Court considered, among other factors, the potential for prejudice and the effect on judicial economy and efficiency in determining whether a stay should be granted." *Siding & Insulation Co. v. Beachwood Hair Clinic*, 2011 WL 4005396, at *1 (N.D. Ohio Sept. 8, 2011). "The proponent of a motion to stay has the burden to show 'a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Id.* (quoting *Ohio Envtl. Council*, 565 F.2d at 396).

Plaintiff has not satisfied this burden. The sole inconvenience alleged by Plaintiff, if this case were to proceed to judgment, and be dismissed, is that Plaintiff would be forced to refile the instant action, in the event that the U.S. Supreme Court overturns the Sixth Circuit decision rejecting his state law challenge. ECF No. 23 at 5. Given the extremely low probability that the Supreme Court will issue a writ of *certiorari* in any given case, the Court finds that Plaintiff fails

(5:11cv00568)

to satisfy his burden "to show that there is pressing need for delay." Ohio Envtl Council, 565 F.2d at 396. Moreover, even if the unlikely scenario suggested by Plaintiff were to occur, Plaintiff concedes that he will not be subject to any financial burden because he is proceeding *in forma pauperis*. ECF No. 3. Furthermore, even if the Supreme Court were to grant *certiorari* and then reverse the Sixth Circuit's decision in the action challenging Ohio state law– both of which are highly doubtful – it is far from clear that these events would all occur before March 2014, when Plaintiff will turn 21 and this case will be moot.[4]

Nor is a stay warranted as a matter of judicial economy. Granting a stay would only unduly delay the final resolution of this case. Accordingly, Plaintiff's motion to hold this case in abeyance is denied. ECF No. 23. In the unlikely event that the Supreme Court were to grant *certiorari* and then reverse the Sixth Circuit in the action challenging the Ohio state law, any filings in the present case could simply be re-filed in a new action by Plaintiff.

### B. Objections to Report and Recommendation

The Court also overrules Plaintiff's objections to the Magistrate Judge's Report and Recommendation. ECF No. 21. As Defendants' correctly note, Plaintiff's objections fail to address the Magistrate Judge's legal analysis in any meaningful way, and do not undermine the Magistrate Judge's legal conclusions.

The Magistrate Judge's ruling that Plaintiff failed to establish constitutional standing is premised upon the existence of Ohio state law banning the same conduct as the federal law at

---

[4] Plaintiff notes that he turned eighteen years of age on March 16, 2011. ECF No. 23 at 1.

(5:11cv00568)

issue, and that the Ohio state law is not "currently before the Court." ECF No. 19 at 7.[5]

Although Petitioner is in the process of challenging that law, and highlights his efforts in submissions to this Court to undercut the premise of the Magistrate Judge's ruling, his current intention to appeal and past appeal do not obviate the fact that the Ohio law is currently good law. Moreover, as previously indicated it is exceptionally unlikely that the Supreme Court will even grant *certiorari*, let alone overturn the Sixth Circuit's decision, all prior to Plaintiff's twenty-first birthday. Given that Plaintiff's challenge has virtually no chance at succeeding, the Court sees no reason to disturb the Magistrate Judge's legal conclusion. The Court, therefore, adopts the Magistrate Judge's Report and Recommendation (ECF No. 19) and grants Defendants' motion to dismiss the case (ECF No. 13).

### IV. Conclusion

For the reasons discussed above, the Court adopts the Report and Recommendation (ECF No. 19) and denies Plaintiff's motion to hold the case in abeyance (ECF No. 23). Accordingly, Defendants' Motion to dismiss is granted (ECF No. 13). Plaintiff's complaint is dismissed, without prejudice, from the docket of the Undersigned.

IT IS SO ORDERED.

| August 29, 2012 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |